IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRYAN ARVIDSON,<br><br>Plaintiff,<br><br>vs.<br><br>BUSINESS MANAGER WALN, UNIT MANAGER CANNON, PETE BLUDWORTH,<br><br>Defendants. | CV 23-14-GF-BMM-JTJ<br><br><br>ORDER |

Pending before the Court are Arvidson's Motion to Amend Complaint (Doc. 14), Motion for Temporary Restraining Order ("TRO"), (Doc. 21), Motion for Extension of Time to Complete Discovery, (Doc. 25), as well as Defendants' Motion for Extension of Time to File Preliminary Disclosures, (Doc. 24). Each will be addressed in turn. At the outset, the Court notes Arvidson was in custody at Crossroads Correction Center ("CCC"), but as of August 3, 2023, he was transferred to the Montana State Prison ("MSP"). (*See* Doc. 23.)

**i.      Motion to Amend**

Arvidson seeks leave of the Court to add Core Civic/Correction Corporation of America as a defendant in this matter and add a claim of relief for monetary damages. (Doc. 14 at 1-2.) He also includes additional allegations against Defendant Cannon surrounding an assault and subsequent injuries and a claim for

retaliation.  (*Id*. at 2.)

Defendants do not object to allowing Arvidson to amend his complaint in order to plead damages.  (Doc. 19 at 2.)  Defendants do object, however, to allowing Arvidson to add Core Civic/Correction Corporation of America.  Defendants allege there is no legal entity known by this name, and that the proper entity would be "Corrections Corporation of America."  (*Id*. at 2-3.)  Defendants further claim that Arvidson has not complied with the Court's Local Rules by providing a proposed pleading as an attachment to the motion.  (*Id*. at 3, citing L.R. 15.1.)

While the Court appreciates Defendants' argument, when a prisoner is proceeding pro se, this Court must "construe pleadings liberally and afford [the prisoner] the benefit of any doubt."  *Hebbe v. Pliler*, 627 F. 3d 338, 342 (9th Cir. 2010)(citation omitted).  Arvidson has indicated that the present motion is intended to amend his earlier complaint, he will be provided the opportunity to clarify which parties he intends to name as defendants.  *See e.g., Crowley v. Bannister*, 734 F. 3d 967, 978 (9th Cir. 2013)("A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant.")  Arvidson is granted leave to amend his complaint; Corrections Corporation of America will be added as a Defendant.  Further, the additional allegations against Defendant Cannon and the claim for retaliation will be allowed to move forward.

Arvidson is cautioned, however, that being a pro se filer does not relieve him of the requirement to comply with this Court's local rules.  He must endeavor to do so in his future filings.

### ii.    Motion for TRO

Arvidson was apparently transferred to the medical unit at Crossroads Correctional Center on June 23, 2023.  (Doc. 21 at 2).  Following this move, Arvidson claims he was initially denied all his property, including legal documents, book, and glasses.  On June 25, 2023, some of his legal materials were returned.  (*Id*.)  Arvidson asserts Crossroads authorities continued to deny him his indigent supplies, including paper, envelopes, and writing materials.  (*Id*. at 1, 3.)  He also claims he has been denied copies of legal documents and/or discovery regarding a companion case.  (*Id*. at 3-4.)  Arvidson believes a TRO is necessary to prevent irreparable harm to him.  (*Id*. at 6.)

Defendants generally oppose Arvidson's request and allege the motion is now moot considering Arvidson's transfer to MSP.  (*See* Doc. 22 at 3-4.)  Defendants' position is well-taken.  A claim is moot if the applicable "issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F. 2d 1335, 1338 (9th Cir. 1985)(citation omitted).  If an inmate is seeking injunctive relief with respect to the conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief

moot, unless there is some evidence of an expectation of being transferred back. *See Andrews v. Cervantes*, 493 F. 3d 1047, 1053 n. 5 (9th Cir. 2007).

Arvidson's request for this Court's intervention in the denial of his property and indigent supplies was mooted when he was transferred to MSP. There is no evidence that he will be transported back to CCC. Accordingly, the motion for a TRO will be denied as moot.

### iii. Motions for Extension of Time

In light of the pending motions discussed above, Arvidson seeks additional time to complete discovery (Doc. 25), and Defendants seek additional time to file their preliminary pretrial statement. (Doc. 24). Due to the rulings made herein, extensions are warranted under the arguments advanced by both parties. The deadlines previously imposed in this matter are vacated. The Court will issue a new scheduling order.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Arvidson's Motion to Amend Complaint (Doc. 14) is GRANTED. Corrections Corporation of America is added as a Defendant, Arvidson's claim for monetary damages, the additional allegations against Defendant Cannon, and the claim of retaliation may proceed.

2. The Clerk of Court is directed to amend the docket to reflect Corrections

Corporation of America as a defendant in this matter.

    3.  Arvidson's Motion for TRO (Doc. 21) is DENIED as moot.

    4.  The motions for extension (Docs. 24 at 25) are both GRANTED.  The Court will issue an amended scheduling order.

    5.  At all times during the pendency of this action, Arvidson shall immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

    DATED this 21st day of September, 2023.


             */s/ John Johnston*
             John Johnston
             United States Magistrate Judge